MOORE, et al. *v.* STATE OF MISSISSIPPI EX REL JESSE L. YANCY, JR., DISTRICT ATTORNEY

No. 43594          October 4, 1965          179 So. 2d 11

*Armis E. Hawkins,* Houston, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

Jones, J.

This case comes from the Chancery Court of the First Judicial District of Chickasaw County on a decree of the chancellor enjoining Tom Mann and John Allen Moore from the operation of an unlawful business and possessing, keeping, etc., intoxicating liquors in a filling station in the City of Houston in that county. The station was owned by Moore, and Mann was an employee. We affirm.

There are two assignments of error: (1) That the court erred in permitting evidence relating to the possession of whiskey on the person of the defendant, Tom Mann; and (2) the evidence was insufficient to justify the permanent injunction.

The first assignment arises because of the following facts. The sheriff testified that with a search warrant, which was introduced in evidence and which was directed

against both defendants, he went to the filling station and met the appellant Moore near the front. There the sheriff handed Mann a copy of the search warrant and said: "Tom, I have a search warrant for you; have you got it on you?" Then the appellant Mann pulled bottles from his pockets and handed them to the sheriff. The sheriff then arrested Mann. The return showed there were four half pints — one was vodka, one gin, and two whiskey. The sheriff did not touch the appellant Mann in any way, except that he may have shaken hands when he arrived. The next day on an affidavit charging possession of liquor, the appellant Mann entered a plea of guilty.

██ █ The city marshal who accompanied the sheriff testified that he walked up just as the sheriff was saying something to Mann; he did not know what he was saying, but when he walked up the sheriff was touching him on the leg and Mann was running his hand in his pockets and pulling out bottles. There is no further explanation of this statement by the marshal. The sheriff denied he searched the appellant and testified the appellant produced the whiskey voluntarily when given a copy of the search warrant. The lower court accepted the testimony of the sheriff and entered a decree permanently enjoining in accordance with the statute.

██ █ As to the second assignment, the station was owned by appellant Moore. There was in evidence the fact that whiskey had been discovered upon Moore's employee, Mann; that Mann entered a plea of guilty to the possession of whiskey, which plea was entered the day following the search; that the place had been searched prior to that time, and upon one occasion whiskey had been found in an abandoned car on the premises, but it was never ascertained whose car it was. Several witnesses testified that the station had a bad reputation as to intoxicating liquors.

The sheriff further testified when he was first elected he talked with Moore and Moore agreed to stop dispensing liquor, but later Moore talked to him and told him that he was going to resume such operations. We think under these facts the chancellor was fully justified in entering the decree which he did enter.

The question is raised as to the description of the property. In the search warrant and in the decree the property was described as Lots 11 and 13, Block B, Forest Addition of the city, and "being further described as that place known as Moore's Deep Rock Service Station." There was no dispute that appellant Moore owned "Moore's Deep Rock Service Station," that Mann was employed there, that whiskey was found there; but the question is raised that the official map of the Forest Addition does not have a Block B. A copy of the map of the Forest Addition shows only one block and it is unlettered. However, as stated, the search warrant and the decree describe the property as "that known as Moore's Deep Rock Service Station" and there is no dispute that it is situated upon Lots 11 and 13 of the Forest Addition. The description is sufficient to identify the property and under the circumstances the addition of the words "Block B" would be surplusage.

Neither of the appellants testified and the facts heretofore shown were undisputed.

In our opinion, the chancellor was amply justified in entering the decree which he did enter and the case is affirmed.

Affirmed.

*Lee, C. J., and Gillespie, Brady and Inzer, JJ.,* concur.